# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Michael Hill,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Lauren Longmire and Clark County School District,<br><br>　　　　Defendants. | Case No.: 2:14-cv-147-JAD-PAL<br><br>**Order Granting Defendants' Motion to Dismiss [Doc. 6], Denying as Moot Defendant's Motion to Stay [Doc. 8], Hill's Motion for Trial [Doc. 12], and Petition for Hearing [Doc. 14]** |

Clark County School District bus driver Michael Hill claims he was subjected to a hostile work environment and unequal treatment because he is a white man. *See* Doc. 1. Although his *pro se* complaint identifies no legal theory as the basis for his claims, Hill prays for an order directing the School District to: end workplace discrimination against white male employees and students, stop racism by requiring all employees to "speak like they have a high school diploma," require black and female employees to follow the same rules as white men, and pay white men extra when they have to correct work performed poorly by others. Doc. 1 at 11. He also asks the court to prohibit the School District from outsourcing or subcontracting bus-driving work and making bus drivers work for free, and he seeks actual and punitive damages in excess of $5 million. *Id.* at 11-12.

Defendants move to dismiss Hill's action under Rule 12(b)(6), arguing that Hill filed charges of discrimination with the EEOC but failed to exhaust those administrative remedies,

precluding this lawsuit as premature. *See* Doc. 6. They alternatively move for a more definite statement under Rule 12(e), contending that the complaint lacks any claim for relief or legal theory, making it impossible for them to fairly respond to it. *See id.*

Hill has offered nothing to demonstrate that he has exhausted the administrative remedies necessary for him to pursue an employment claim, and his failure to articulate the grounds for the myriad relief he requests requires the Court to dismiss any remaining claims under the federal pleading standards in the United States Supreme Court's decisions in *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*. The Court grants the motion to dismiss Hill's federal employment claims for failure to exhaust the EEOC process before filing this suit and also dismisses any other possible claim as insufficiently pled. However, the Court also gives Hill leave to file an amended complaint to more adequately allege any claim arising from these facts that is not barred by his failure to exhaust the EEOC process.

**Background**

Hill is a bus driver for the Clark County School District. *See* Doc. 1 at 13. His Complaint is not a model of clarity, but it claims the Principal of Decker Elementary School failed to abide by school policy and open the gate for bus drivers twenty minutes before class started. *See id.* Hill claims that when he complained about this failure, he was "harassed and written up by Lauren Longmire," a Clark County School District employee. *Id.* at 14. He also claims that Longmire once ordered him out of the bus to "look for the students that belonged on that bus," a task that she did not require black bus drivers to perform. *Id.* at 15.

He further states that in 2012-13, a "black Transportation Operations Assistant" requested that he transport high school students "sitting three to a seat" in violation of the law, but he steadfastly "refused to break the law in the name of racism." *Id.* at 14, 23. In 2005-06, Hill was allegedly disciplined after refusing to perform an illegal traffic maneuver, "[b]ecause [he is] a white man that did [his] job correctly." *Id.* Finally, he alleges that during the 2009-10 school year he drove a bus in accordance with certain construction signs, while two other drivers, a black man and a white woman, used traffic lanes not specified by the construction signs. After being told that he should also use the non-specified traffic lane,

2

he concluded that "[a] Transportation Investigator for Clark County School District chose to endanger the safety and well-being of the students on three different buses, rather than enforce the rules on a woman or a black person." *Id.*

Hill claims that the "Clark County School District needs to get rid of the racism, slavery, harassment, and discrimination against white male employees and students. The only way to accomplish this is to require all employees to speak like they have a high school diploma, and all employees must follow the same rules regardless of race or gender." Doc. 1 at 16. Hill requests a host of injunctive orders against the School District, including ordering the district to:

1. Stop workplace discrimination against white male employees and students.
2. Stop racism by requiring all employees to speak like they have a high school diploma.
3. Stop racism by requiring black people to follow the same rules as white men.
4. Stop discrimination to white men and require female employees to follow the same rules as a white man.
5. Never outsource or subcontract bus drivers.
6. Stop making bus drivers work for free so they can pay for the Zonar system.
7. Compensate a white man when he has to do extra work to fix something because female or black employees did not perform their duties correctly.

Doc. 1 at 11. Hill requests that Longmire pay him $9,589 in actual damages and $92,000 in punitive damages for her alleged workplace harassment. Doc. 1 at 11. Hill also seeks $5 million in actual damages from the School District "for having to endure eleven years of harassment discrimination and racism." Doc. 1 at 12.

Hill filed his complaint in Nevada State court, and Defendants removed it to federal court on January 28, 2014, on the basis that Hill has filed two Charges of Discrimination with the EEOC, suggesting that he is asserting federal employment-law claims and giving this Court original jurisdiction under 28 U.S.C. § 1331. Doc. 1 at 2. Guessing that Hill's

3

complaint states only Title VII discrimination and hostile work claims, Defendants ask the Court to dismiss those claims because Hill has not yet completed his EEOC administrative-claims process and received his right-to-sue letter. Doc. 6 at 4-5. Alternatively, they argue that Hill fails to identify any cause of action or plead facts to support any cognizable claim, and it is simply impossible to respond to his complaint without completely guessing what claims he is attempting to plead. Hill opposes these requests and counters with "Motion for Relief from Workplace Harassment" and "Petition for Hearing" that reiterates his demand for damages and the various orders prayed for in his complaint. Doc. 12, 13, 14. Defendants also ask the Court to stay this case pending a decision on their motion to dismiss. Doc. 8.

Having fully considered all the parties' filings and determined that these motions are appropriate for disposition without oral argument,[1] the Court grants Defendants' motion to dismiss and request for a more definite statement and gives Hill leave to amend to properly plead more identifiable claims in compliance with the rules of this Court. The Court denies Hill's motion for relief and petition for hearing as moot in light of the dismissal and because he has articulated no legal basis for such relief. Finally, the Court denies Defendants' motion to stay as moot.

**Discussion**

**A.  Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) governs the standard for pleadings in a federal cause of action and provides, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[2] A district court may dismiss a complaint brought under Rule 8(a) for failing to state a claim upon which relief can be granted.[3]

---

[1] Nev. L.R. 78-2.

[2] Fed. R. Civ. Proc. 8(a).

[3] Fed. R. Civ. Proc. 12(b)(6).

4

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[4] "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."[5] The Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[6] To state a "plausible" claim for relief, the plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[7] This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged.[8]

As a *pro se* litigant, Hill is not held to the same standard as an admitted attorney.[9] A *pro se* litigant's filings are to be judged by their function, with liberal construction of "inartful pleading[s]."[10] Nevertheless, a *pro se* litigant is not absolved from compliance with the Rules of Procedure simply because he has elected not to obtain representation.[11]

### 1. Hill's Federal Employment Discrimination Claims

Defendants argue that Hill's allegations appear to state Title VII employment-discrimination and hostile-work-environment claims but these claims are fatally premature because Hill failed to fully exhaust his administrative remedies before initiating this lawsuit. Title VII of the Civil Rights Act of 1964 prohibits employers from discrimination against

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)); *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

[7] *Iqbal*, 556 U.S. at 678-79.

[8] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

[9] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[10] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

[11] *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

individuals on the basis of sex or race.[12]  It also prohibits employers from creating a hostile work environment through repeated discriminatory conduct.[13]  Before an employee may file a lawsuit alleging claims under Title VII, he must first exhaust the administrative-claim-review process with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter.[14]

Although Hill filed Charges of Discrimination with the EEOC, he has not yet received a Notice of Right to Sue letter from the Commission, which would trigger his right to file suit.  Doc. 6 at 4-5.  Hill admits he filed EEOC Charges of Discrimination and does not deny he has not yet received a right-to-sue letter.  Instead, Hill responds by characterizing the EEOC's administrative exhaustion scheme as "another problem white men face," Doc. 13 at 2, and he expresses frustration over the speed of the administrative process, claiming "I have had to file complaints against Clark County School District with the City of Henderson, Nevada State Fire Marshall, Nevada Highway Patrol, State and Federal Department of Labor, Federal Transit Administration, and EEOC.  This needs to hurry up and get in front of an Honorable Judge."  *Id.* at 3.

Hill's generalized dissatisfaction with the administrative process is beyond the cognizance of a court tasked with applying the law to the facts.  Hill does not allege in his complaint that he exhausted his administrative remedies, and his response to the motion to dismiss offers no valid argument for overlooking this prerequisite.  Because Hill did not exhaust the administrative process for these employment claims before filing this suit, the Court lacks jurisdiction to consider them.  Defendant's motion to dismiss Hill's Title VII

---

[12] 42 U.S.C. § 2000e-2(a)(1).

[13] *Id.* at § 2000e-5(e); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116-17 (2002).

[14] *Sanchez v. Pacific Powder Co.*, 147 F.3d 1097, 1100 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  To exhaust administrative remedies, a plaintiff must typically file a Charge of Discrimination with the EEOC within 180 days of the claimed conduct, receive a Notice of Right to Sue letter from the EEOC, and file suit no later than 90 days after receipt of that letter.  42 U.S.C. § 2000e-5(e).  This filing period is extended to 300 days in "deferral" states, where an aggrieved employee has brought discrimination claims before a corresponding state agency authorized to grant such relief.  *Id.* at § 2000e-5(e)(1).  Defendants have not sought dismissal on statutes of limitations grounds, and thus any distinction between the filing periods is not yet relevant to this case.

6

employment discrimination and hostile work environment claims is granted, and these claims are dismissed.

### 2. Possible other claims

To the extent that Hill intends to plead any claims other than Title VII claims, those claims also fail to state a cognizable claim for relief in their present form.

#### a. *Thirteenth Amendment claim*

Hill's Complaint contains "points and authorities" under which he quotes the Thirteenth Amendment to the United States Constitution, Doc. 1 at 20, and he alleges that the School District, among other things, "needs to get rid of the . . . slavery . . . against white male employees and students." *Id*. at 16. And he claims that bus drivers should not be required to work for free "so they can pay for the Zonar system." Doc. 1 at 11. It is unclear whether the use of the term "slavery" is merely intended as hyperbole or is intended to state a claim for relief.

The Thirteenth Amendment provides: "Neither slavery not involuntary servitude . . . shall exist within the United States, or any place subject to their jurisdiction."[15] It "prohibits peonage—a condition in which the victim is coerced by threat of legal sanction to work off a debt to a master."[16] Hill's slavery non sequiturs fall far short of stating a cognizable Thirteenth Amendment violation claim. To the extent that Hill has attempted to plead a Thirteenth Amendment claim by his use of the word "slavery," it is dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

#### b. *Civil rights or equal protection claims*

If Hill intended to assert a civil rights or equal protection claim, he has also failed to achieve that goal. Hill generally alleges that Defendants have subjected him and other unnamed white male employees and students to different standards of conduct. *See* Doc. 1 at 10-26. Although Hill never cites to 42 U.S.C. § 1983, any other civil rights statute, or the

---

[15] U.S. Const. Amend. XIII.

[16] *Awadby v. City of Adelanto*, 368 F.3d 1062, 1070 (9 th Cir. 2004) (quoting *United States v. Kozminski*, 487 U.S. 931, 943 (1988)).

7

equal protection clause of either the Fourteenth Amendment or Nevada's constitution, the Court is obligated to analyze this *pro se* plaintiff's Complaint by its function.[17] Out of an abundance of caution, the Court considers whether Hill may have meant to assert a civil rights or equal protection claim and—if so—whether it was adequately pled.

The Court finds within Hill's complaint no cognizable claim for civil rights violation or equal protection violation. For example, 42 U.S.C. § 1983 covers actions by persons who "under color of any statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen of the United States . . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." To plead a civil rights claim under § 1983, "a plaintiff must allege the following: (1) that the conduct that harmed the plaintiff was committed under color of state law; and (2) the conduct violates a constitutional right."[18]

Hill's Complaint fails to state that either Longmire or the School District violated a specific constitutional right, and thus he has failed to state a cognizable civil rights or equal protection claim. To the extent that Hill intended to state a civil rights or equal protection clause violation claim, those claims must be dismissed under Rule 12(b)(6).

### c. *State law claims*

It is also possible that Hill intended to assert claims for violation of Nevada state employment laws. Hill alleges that Longmire "violated N.R.S. 613.100" when she defended another employee's instruction to Hill to transport students three to a seat. Doc. 1 at 14. NRS 613.§ 100 makes it a misdemeanor to "willfully and maliciously, either alone or in combination with others, break a contract of service or employment, knowing or having reasonable cause to believe that the consequence of his or her so doing will be to endanger human life or to cause grievous bodily injury or to expose valuable property to destruction or

---

[17] *Haines*, 404 U.S. at 520-21.

[18] *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

8

serious injury."[19]  Among the many deficiencies of this claim (assuming purely *arguendo* that NRS 613.§ 100 even affords a private right of action) is that Hill has not identified any contract of service or employment broken, and as Hill alleges that he disregarded this instruction anyway, his own allegations prevent the Court from inferring that any contract was, in fact, broken.  Accordingly, Hill has failed to state a viable claim under NRS 613.100.[20]

**B.     Motion for a More Definite Statement**

Defendants alternatively argue that because Hill's complaint is "written like a stream of consciousness and there are no identified cause[s] of action[].  The complaint does not contain numbered paragraphs as required by Rule 10 but merely is a diatribe jumping from one subject to another, often couched in bigoted references."  Doc. 6 at 5-6.  Without identifiable causes of actions, Defendants contend, they are unable to respond to this complaint.  *Id.*  Thus, if nothing else, the Court should order Hill to provide a more definite statement under Rule 12(e).  *See id.*

Rule 12(e) provides that, "[a] party may move for a more definite statement of a pleading to which a responsible pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  If the court orders a more definite statement and the order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order."[21]

The Court gleans from Hill's complaint and his response to the motion to dismiss that he acknowledges his failure to exhaust his administrative remedies for any Title VII claim.  Thus, any proposed amendment to reallege those claims would be futile and will not be permitted.  But the Court cannot rule out the possibility, however remote, that Hill may be able to allege some other viable claim—a claim that is not presently discernable from the

---

[19] Nev. Rev. Stat. § 613.100.

[20] As Hill has not stated any cognizable state law claim, the Court does not reach the question of whether it would exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367.

[21] Fed. R. Civ. Proc. 12(e).

9

complaint as drafted.  Given the liberal construction of *pro se* filings, the Court is all but required to provide Hill with at least one opportunity to return to the drawing board with some guidance and amend his complaint to more adequately identify his claims.  Accordingly, the Court grants the request for a more definite statement.  Hill shall have 15 days from the date of this order to file an amended complaint that contains a more definite statement of any claim he intends to assert <u>and which is not barred by his failure to exhaust the EEOC process</u>.  **Hill is advised of the following:**

    1.    If he chooses to file an amended complaint, it must comply with all rules of this Court, which include the Federal Rules of Civil Procedure (available on the U.S. Courts website at http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf) and the Local Rules of Practice for the District of Nevada (available on this Court's website at http://www.nvd.uscourts.gov/).  A plaintiff is not relieved of the obligation to follow all rules of this Court simply because he has chosen to represent himself.[22]

    2.    Although the Court is in no way identifying all of the rules and procedures that Plaintiff must follow, it will highlight a few of the rules that specifically apply to the form of complaints.  For example (and again, this list is in no way exhaustive and Plaintiff has the obligation to research, become familiar with, and comply with **all** of the rules of this Court):

    a.    Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in **numbered paragraphs**."[23] (Much like the form of pages 10-11 of this order).

    b.    Hill's Complaint must also comply with Federal Rule of Civil Procedure 8, which (as noted above) requires a Complaint to contain:

    (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

---

[22] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants "must follow the same rules of procedure that govern other litigants"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

[23] Fed. R. Civ. Proc. 10(b) (emphasis added).

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[24]

c. To survive dismissal, a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests."[25] While this standard requires inclusion of the factual and legal basis for each claim, lengthy narrative-style pleadings like the one filed in this case fail to provide the defendants with fair notice of the claims asserted against them. Thus, Hill's amended complaint must specifically allege what law, statute, or constitutional provision he claims was violated by the conduct he alleges, such that Defendants will be on notice of the factual **and legal basis** for the claims he seeks to assert against them. Each claim should be broken out into a separate cause of action that contains all of the essential elements of the claim asserted and states the specific relief requested for that claim. And for each separately identified claim for relief, Plaintiff must also identify which defendant(s) is(/are) the target of each claim. (For example: "Count One - Civil Rights Violations by School District Defendant").

d. Plaintiff is also cautioned that an amended complaint must be "complete in itself without reference to the" previous version of the complaint. *See* Local Rule 15-1(a). Therefore, Plaintiff must carry forward into the new draft any information that he wants to continue to plead; the Court cannot and will not simply refer back to a prior pleading for other information because an amended complaint supersedes all prior versions as if the prior versions never existed, and all allegations and claims not carried forward are deemed waived.[26] However, Hill is also cautioned that **no Title VII employment discrimination claims will be considered, as they are futile because Hill has not exhausted the EEOC process.**

---

[24] Fed. R. Civ. Proc. 8(a).

[25] *Twombly*, 550 U.S. at 555 (2007) (citation omitted).

[26] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

11

1       e.      Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file a second amended complaint if the first amended complaint were found to be deficient. If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.[27]

        f.      Plaintiff's failure to file a properly pled amended complaint that complies with the rules of this court within 15 days of this order will lead to the termination of this case without further notice because all of Hill's claims have been dismissed under Rule 12(b)(6).

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Defendants' Motion to Dismiss **[Doc. 6] is GRANTED**. Hill's federal employment discrimination claims are **DISMISSED** for failure to exhaust his administrative remedies; to the extent that Hill intended to state any other claim for relief, all such claims are **DISMISSED** for failure to state a claim**.**

It is **FURTHER ORDERED** that Defendants' Motion for a More Definite Statement is **GRANTED.** If Hill desires to proceed with this action, he must file an amended complaint that complies with all rules and procedures of this Court and the detailed instructions set forth above.

It is **FURTHER ORDERED** that Defendants' Motion to Stay Pending Motion to Dismiss **[Doc. 8]**, Plaintiff's Motion for Trial **[Doc. 12]**, and Plaintiff's Petition for Hearing **[Doc. 14] are DENIED** as moot in light of this order.

DATED: April 3, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[27] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).